# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAMBIZ** and **HOMA MORADI**, husband and wife, | Case No. 3:19-cv-1590-JR |
| Plaintiffs, | **ORDER** |
| v. | |
| **RECONTRUST COMPANY, NA; BANK OF AMERICA, NA; and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15; and JOHN DOES 1-20**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendations on this case in December 2019. ECF 28. Kambiz and Homa Moradi (collectively, "Plaintiffs") brought four claims in their suit. ECF 1. ReconTrust Company, NA, Bank of America, NA, Bank

of New York Mellon, and John Does (collectively, "Defendants") moved to dismiss all four

claims. ECF 8. Magistrate Judge Russo recommended that the motion to dismiss be **GRANTED**.

The Court **ADOPTS** Judge Russo's Findings and Recommendations.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither

party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to

require a district judge to review a magistrate's report to which no objections are filed."); *United

States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court

must review *de novo* magistrate judge's findings and recommendations if objection is made, "but

not otherwise"). Although in the absence of objections no review is required, the Act "does not

preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other

standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R.

Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the

magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs filed objections (ECF 31), to which Defendants responded (ECF 32). Plaintiffs

then filed a "Memorandum in Support" of their objections. ECF 33. As Defendants correctly

note in their motion to strike (ECF 34), the Federal Rules of Civil Procedure typically do not

permit Plaintiffs to file supplemental responses or clarifications. *See* Fed. R. Civ. P. 72(b). In this

case, the Court has read Plaintiffs' "Memorandum in Support." The additional filing does not, however, change the Court's conclusion.

Plaintiffs do not dispute that the statute of limitations began to run in March 2012 with the foreclosure judgment of the Forcible Entry and Detainer ("FED") court and expired in March 2018. Nor do they allege that they filed this suit before March 2018. Plaintiffs instead argue that their claims are not barred by Oregon's six-year statute of limitations because the March 2012 judgment is void. They contend that the judgment was rendered void by an error in the transfer of the property's legal title.

"When a trial court has both subject matter jurisdiction and personal jurisdiction, its judgment, even if erroneous, is not void." *Portland Gen. Elec. Co. v. Ebasco Servs., Inc.*, 353 Or. 849, 859 (2013). Plaintiffs do not challenge the FED court's personal jurisdiction or subject matter jurisdiction. Instead, they contend that the judgment of a court that otherwise has personal and subject matter jurisdiction may still be void if the reviewing court construes that the legislature, through a statute, "intended to impose a limitation on the trial court's authority to exercise its jurisdiction." *Portland Gen. Elec.*, 353 Or. at 859. Plaintiffs further argue that the court's interpretation of the Oregon Trust Deed Act in *Wolf v. GMAC Mortg., LLC*, 276 Or. App. 541, 548 (2016)—holding that "the participation of a 'trustee' is so fundamental to a 'trustee's sale' that a sale cannot foreclose and terminate an individual's property interest . . . unless that sale is conducted by an actual trustee" —is such a limitation. *Wolf*, however, concerned a challenge to a nonjudicial foreclosure sale rather than a judgment rendered by a FED court. That the court allowed the *Wolf* plaintiffs to challenge a foreclosure *sale* does not mean that the foreclosure *judgment* in this case is void for lack of jurisdiction.

Thus, the FED court's 2012 judgment is not void and the six-year statute of limitations bars their claims. The statute of limitations issue is dispositive, so the Court need not consider Defendants' issue and claim preclusion arguments.

Judge Russo did not specify whether Plaintiffs may amend their complaint. "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 80 F.3d 1103, 1106 (9th Cir. 1995). At this stage, it is not "absolutely clear" that the deficiencies of Plaintiffs' complaint are incurable. Plaintiffs may thus file a motion to amend their complaint.

For those portions of Magistrate Judge Russo's Findings and Recommendations to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Russo's Findings and Recommendations. ECF 28. Defendants' Motion to Dismiss (ECF 8) is **GRANTED**. Plaintiffs may have 14 days from the date of this order to file a motion to amend their complaint.

**IT IS SO ORDERED.**

DATED this 18th day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge